NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3126-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JOSEPH MAGGIO,

 Defendant-Appellant.

___________________________________

 Submitted June 1, 2017 – Decided November 28, 2017

 Before Judges Fuentes and Gooden Brown.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Indictment No.
 83-03-0450.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Steven M. Gilson, Designated
 Counsel, on the brief).

 Andrew C. Carey, Middlesex County Prosecutor,
 attorney for respondent (Joie Piderit,
 Assistant Prosecutor, of counsel and on the
 brief).

 The opinion of the court was delivered by

FUENTES, P.J.A.D.
 Defendant Joseph Maggio appeals from the order of the Criminal

Part denying his post-conviction relief (PCR) petition. We affirm.

 On March 16, 1983, a Middlesex County Grand Jury returned

Indictment No. 83-03-0450, charging defendant with first degree

armed robbery, N.J.S.A. 2C:15-1, second degree burglary, N.J.S.A.

2C:18-2, third degree theft, N.J.S.A. 2C:20-3a, second degree

possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-

4a, third degree unlawful possession of a handgun, N.J.S.A. 2C:39-

5b,1 and third degree terroristic threats, N.J.S.A. 2C:12-3b.

 Defendant was arrested in 1983 in the State of New York on

unrelated charges of first and second degree attempted murder.

Defendant was tried and convicted of first and second degree

attempted murder in New York and was sentenced to consecutive

terms on these charges of twenty-five years to life and twelve-

and-one-half years to twenty-five years. In November 1983,

defendant signed a consent agreement pursuant to the Interstate

Agreement on Detainers (IAD), N.J.S.A. 2A:159A-1 to -15, to allow

his transportation from New York to New Jersey to stand trial in

this State on the charges under Indictment No. 83-03-0450. See

State v. Pero, 370 N.J. Super. 203, 206 (App. Div. 2004).

1
 Effective August 8, 2013, the Legislature amended N.J.S.A. 2C:39-
5b to elevate the crime of unlawful possession of a handgun to a
second degree offense.

 2 A-3126-15T3
 Defendant was arraigned before the Criminal Part on the

charges reflected in Indictment No. 83-03-0450 on February 2,

1984. During the arraignment, the State served defendant with

Indictment No. 83-01-0088, reflecting charges unrelated to this

case. On May 15, 1984, the Criminal Part denied defendant's motion

to dismiss Indictment No. 83-01-0088 under Article III of the IAD,

N.J.S.A. 2A:159A-3, and granted the State's motion for a 180-day

extension. Defendant filed a PCR petition challenging the court's

ruling concerning the IAD. The Criminal Part denied defendant's

petition on April 1, 1984.

 On June 20, 1984, defendant was tried before a jury on the

charges reflected in Indictment No. 83-03-0450. The jury returned

a verdict finding defendant guilty of first degree armed robbery,

second degree burglary, third degree theft, and third degree

terroristic threats. The jury acquitted defendant of second degree

possession of a handgun for an unlawful purpose and third degree

unlawful possession of a handgun. On August 10, 1984, the court

sentenced defendant on his conviction of first degree robbery as

a persistent offender under N.J.S.A. 2C:44-3, and imposed an

extended term of life imprisonment with a twenty-five-year period

of parole ineligibility. The court also ordered that this sentence

run consecutive to the sentence defendant was serving for the

crimes committed in New York State. Finally, the court sentenced

 3 A-3126-15T3
defendant to a term of ten years, with a five-year period of parole

ineligibility on the second degree burglary conviction, and five

years for the third degree theft conviction, with a thirty-month

period of parole ineligibility. However, these three sentences

were to run concurrently with the extended term sentence imposed

for the first degree armed robbery.

 Defendant thereafter filed a direct appeal to this court

challenging his conviction and sentence. This court affirmed

defendant's conviction in an unpublished, Per Curiam opinion.

State v. Joseph Maggio, Docket No. A-0375-84 (App. Div. April 20,

1987). With respect to the sentence, we directed the trial court

to merge the third degree theft conviction with the first degree

armed robbery conviction and amend the Judgment of Conviction

accordingly. Id. at 10. The Supreme Court denied defendant's

petition for certification. State v. Maggio, 109 N.J. 54 (1987).

 On May 17, 1988, Judge Harold A. Ackerman, U.S.D.J., denied

defendant's pro se petition seeking habeas corpus relief under 28

U.S.C.A. §2254. Joseph Maggio v. Robert J. Henderson, et al., No.

87-5113 (D.N.J. May 17, 1988). The United States Third Circuit

Court of Appeals thereafter denied defendant's request for a

certificate of probable cause pursuant to Rule 22(b) of the Federal

Rules of Appellate Procedure. See Joseph Maggio v. Robert J.

Henderson, et al., No. 88-5447 (3d Cir. Sept. 14, 1988).

 4 A-3126-15T3
 On June 26, 1992, defendant, represented by counsel, filed a

PCR petition claiming ineffective assistance of trial counsel

based on trial counsel's alleged failure to find and present an

alibi witness. Defendant's counsel in this appeal wrote in the

brief before us that: "No definitive records exist as to the second

petition's disposition, but courtroom records suggest that the

court dismissed this petition or that the court ordered a

withdrawal of the petition." In support of this supposition,

appellate counsel cites to the following statement in the

Memorandum of Opinion written by Judge Diane Pincus in support of

her February 26, 2016 order denying defendant's PCR petition:

"Evidence suggests that [d]efendant filed a second PCR petition

in 1995 ("1995 PCR"). However, neither party has produced orders

demonstrating the result of this 1995 PCR or the reasons behind

its disposition." (Emphasis added.)

 On December 17, 2013, defendant filed what he characterizes

as his "third PCR petition," claiming ineffective assistance of

counsel based on counsel's failure to investigate and call to the

stand the alleged alibi witness. The only support defendant

presented for the existence of this alleged alibi witness and for

defense counsel's failure to interview him is his bold assertion,

unsupported by any court records and uncorroborated by any person

with relevant, competent knowledge of the events.

 5 A-3126-15T3
 In her Memorandum of Opinion, Judge Pincus retraced

defendant's procedural history and summarized the evidence

presented by the State at trial that led the jury to find him

guilty, beyond a reasonable doubt, of the charges for which he was

sentenced. We will not restate these facts here. Instead, we

incorporate by reference Judge Pincus's factual recitation as

reflected in her Memorandum of Opinion. In her legal analysis,

Judge Pincus concluded defendant was procedurally barred from

bringing this latest PCR petition pursuant to Rule 3:22-4(a),

which precludes a defendant from raising "[a]ny ground for relief

not raised in the proceedings resulting in the conviction, or in

a post-conviction proceeding brought and decided prior to the

adoption of this rule, or in any appeal taken in any such

proceedings[.]" Rule 3:22-4(a) also delineates exceptions to this

procedural bar. Judge Pincus carefully reviewed these exceptions

and found no legal or factual basis to apply any of them here.

Judge Pincus also concluded defendant was not entitled to any

relief available under Rule 3:22-4(b).

 Despite these procedural impediments, Judge Pincus reviewed

defendant's claims on their merits, and found no factual or legal

grounds to conclude defendant had established a prima facie case

of ineffective assistance of counsel under the standards adopted

by the United States Supreme Court in Strickland v. Washington,

 6 A-3126-15T3
466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and

subsequently adopted by our Supreme Court in State v. Fritz, 105

N.J. 42, 58 (1987). Defendant now appeals raising the following

arguments.

 POINT I

 DEFENDANT'S PCR PETITION SHOULD NOT HAVE BEEN
 PROCEDURALLY BARRED.

 POINT II

 THIS MATTER MUST BE REMANDED FOR AN
 EVIDENTIARY HEARING BECAUSE DEFENDANT
 ESTABLISHED A PRIMA FACIE CLAIM OF TRIAL
 COUNSEL'S INEFFECTIVENESS FOR FAILING TO
 ADEQUATELY INVESTIGATE THIS CASE REGARDING AN
 ALIBI WITNESS AND FOR FAILING TO HAVE THAT
 WITNESS TESTIFY.

 We reject these arguments and affirm substantially for the

reasons expressed by Judge Pincus in her Memorandum of Opinion.

Based on the evidence presented before the PCR court, defendant

has not established a prima facie case of ineffective assistance

of counsel. He was therefore not entitled to an evidentiary

hearing pursuant to Rule 3:22-10(b). State v. Preciose, 129 N.J.

451, 462-63 (1992).

 Affirmed.

 7 A-3126-15T3